# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

MAY 2018     000243

E-Filing Number 1805018800

**PLAINTIFF'S NAME**
DONALD SCHEINER

**DEFENDANT'S NAME**
FOREMOST INSURANCE CO.

**PLAINTIFF'S ADDRESS**
2363 ROUTE 314
HENRYVILLE PA 18332

**DEFENDANT'S ADDRESS**
5600 BEECHTREE LANE SE
CALEDONIA MI 49316

**PLAINTIFF'S NAME**

**DEFENDANT'S NAME**

**PLAINTIFF'S ADDRESS**

**DEFENDANT'S ADDRESS**

**PLAINTIFF'S NAME**

**DEFENDANT'S NAME**

**PLAINTIFF'S ADDRESS**

**DEFENDANT'S ADDRESS**

**TOTAL NUMBER OF PLAINTIFFS**: 1
**TOTAL NUMBER OF DEFENDANTS**: 1

**COMMENCEMENT OF ACTION**
[X] Complaint
[ ] Writ of Summons
[ ] Petition Action
[ ] Transfer From Other Jurisdictions
[ ] Notice of Appeal

**AMOUNT IN CONTROVERSY**
[ ] $50,000.00 or less
[X] More than $50,000.00

**COURT PROGRAMS**
[ ] Arbitration
[X] Jury
[ ] Non-Jury
[ ] Other:
[ ] Mass Tort
[ ] Savings Action
[ ] Petition
[ ] Commerce
[ ] Minor Court Appeal
[ ] Statutory Appeals
[ ] Settlement
[ ] Minors
[ ] W/D/Survival

**CASE TYPE AND CODE**
1J - BAD FAITH

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
MAY 08 2018
K. EDWARDS

**IS CASE SUBJECT TO COORDINATION ORDER?**
YES   NO

TO THE PROTHONOTARY:
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: DONALD SCHEINER
Papers may be served at the address set forth below.

**NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY**
JOHN R. TROTMAN

**ADDRESS**
1500 MARKET STREET
CENTRE SQUARE - WEST TOWER
SUITE 4060
PHILADELPHIA PA 19102

**PHONE NUMBER**
(215)564-1414

**FAX NUMBER**
(215)564-1919

**E-MAIL ADDRESS**
jtrotman@stslawfirm.com

**SUPREME COURT IDENTIFICATION NO.**
76679

**SIGNATURE OF FILING ATTORNEY OR PARTY**
JOHN TROTMAN

**DATE SUBMITTED**
Tuesday, May 08, 2018, 11:00 am

FINAL COPY (Approved by the Prothonotary Clerk)

Silverman, Trotman & Schneider, LLC
Louis T. Silverman, Esquire, Id № 51504
John R. Trotman Jr., Esquire, Id. № 76679
1500 Market Street, Suite 4060
Centre Square – West Tower
Philadelphia, PA   19102
p. 215.564.1414
f. 215.564.1919
Our File № 22650

*Attorneys for Plaintiff*

**Notice to Plead:**
You have 20 days to respond to this Complaint of a Default Judgment may be entered against you.

*Jury Trial Demanded*

In the Commonwealth of Pennsylvania Court of Common Pleas
Philadelphia County

| | |
|---|---|
| **DONALD SCHEINER**<br>2363 Route 314<br>Henryville, PA 18332<br>    Plaintiff;<br><br>v.<br><br>**FOREMOST INSURANCE CO.**<br>5600 Beechtree Lane SE<br>Caledonia, MI 49316<br>    Defendant. | May Term, 2018<br><br>Civil Action №:<br><br><br>Civil Action Complaint<br>Jury Trial Demanded |

## Notice

You have been sued in court, if you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association
Lawyer Referral and Information
1101 Market Street - 11th Floor
Philadelphia, PA 19107
(215) 238-6333

Case ID: 180500024

## Aviso

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación, hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Asociación De Licenciados De Filadelfia
Servicio De Referencia E Información Legal
1101 Market Street - 11th Floor
Philadelphia, PA 19107
Teléfono: (215) 238-6333

Case ID: 180500024

**Silverman, Trotman & Schneider, LLC**
Louis T. Silverman, Esquire, Id № 51504
John R. Trotman Jr., Esquire, Id. № 76679
1500 Market Street, Suite 4060
Centre Square – West Tower
Philadelphia, PA  19102
p. 215.564.1414
f. 215.564.1919
Our File № 22650

*Attorneys for Plaintiff*

<u>Notice to Plead:</u>
You have 20 days to respond to this Complaint of a Default Judgment may be entered against you.

*Jury Trial Demanded*

### In the Commonwealth of Pennsylvania Court of Common Pleas
### Philadelphia County

| | |
|---|---|
| DONALD SCHEINER<br>2363 Route 314<br>Henryville, PA 18332<br>　　　　　Plaintiff;<br><br>v.<br><br>FOREMOST INSURANCE CO.<br>5600 Beechtree Lane SE<br>Caledonia, MI 49316<br>　　　　　Defendant. | May Term, 2018<br><br>Civil Action №:<br><br><br>Civil Action Complaint<br>Jury Trial Demanded |

### Plaintiff's Civil Action Complaint

1. Plaintiff, Donald Scheiner (hereinafter referred to as "Scheiner" and/or "plaintiff") is an adult individual who, at all relevant times, resided at 2363 Route 314, Henryville, PA 18332.

2. Defendant Foremost Insurance Co. (hereinafter referred to as "Foremost" and/or "defendant") is an insurance company which, at all relevant times, was licensed to transact business and issue policies of insurance within the Commonwealth of Pennsylvania and the County of Philadelphia with a principle place of business at 5600 Beechtree Lane SE, Caledonia, MI 49316.

Case ID: 1805002⸱

3. On May 11, 2017, and for some time prior thereto, plaintiff was an insured under a contract for motorcycle insurance with the defendant under the provisions of an insurance policy designated as Policy Number AC-77-617-117 (hereinafter referred to as "subject insurance policy" and/or "policy."

4. Said policy included underinsured motorist bodily injury coverage.

5. A copy of the declaration page and said policy is attached hereto as "Exhibit A".

6. Pursuant to Pa.R.C.P. 1019(i), plaintiff states that the subject insurance policy is not presently in his possession.

7. Pursuant to Pa.R.C.P. 1019(i), plaintiff states that, on information and belief, the subject insurance policy is already in the possession of and/or readily accessible to defendant Foremost.

8. At all times relevant hereto, all premiums due on the subject policy had been paid and the policy was in full force and effect.

9. On or about May 11, 2017 at approximately 7:15p.m., near the area of 3577 PA-611, Bartonsville, PA 18321, Kevin Burke was operating a motor vehicle.

10. At the above-mentioned date, time, and location, plaintiff was operating a motorcycle.

11. At the above-mentioned date, time, and location, Kevin Burke negligently, carelessly and/or otherwise unreasonably operated his vehicle, causing it to collide with the motorcycle being operated by plaintiff, resulting in injuries and damages to

Case ID: 180500024

plaintiff.

12. As a result of this collision, plaintiff suffered multiple injuries, which are serious and/or permanent in nature, including a severe laceration to his right leg (requiring 23 stitches) with extensive related scarring, right cuboid bone fracture, rib injuries and right foot injuries with related pain, suffering and dysfunction.

13. The aforesaid collision resulted solely from the negligence and carelessness of Kevin Burke, and was due, in no manner whatsoever, to any act or omission on part of the plaintiff.

14. At all times relevant hereto, plaintiff was either: a) covered by a full tort option insurance policy; b) deemed full tort because plaintiff neither owned an automobile nor lived with a resident relative who owned a vehicle; c) deemed full tort because plaintiff suffered serious injury as defined in 75 Pa.C.S.A. § 1702 permitting him to bring a claim for pain and suffering or other non-monetary damages; d) deemed full tort because he was operating a motorcycle and thus deemed a pedestrian at the time of the subject collision and/or e) deemed full tort as enumerated in 75 Pa.C.S.A. § 1705 (d)(1), (2) & (3).

15. At the time of the collision, Kevin Burke had an automobile insurance policy through Safe Auto Insurance Company which provided the minimum limits under Pennsylvania law ($15,000.00 each person/$30,000.00 each accident).

16. Kevin Burke tendered this $15,000.00 Safe Auto insurance policy limit to plaintiff in exchange for a release of the third-party claim by plaintiff against Burke.

Case ID: 1805002

17. Plaintiff also received the $30,000.00 policy limit from his own underinsured motorist carrier for the motorcycle he was riding at the time of the subject collision (Progressive Insurance Company).

18. On November 13, 2017, December 13, 2017 and December 22, 2017 plaintiff's counsel notified defendant Foremost that plaintiff would be pursuing an underinsured motorist claim under an additional motorcycle policy issued by defendant which provided underinsured motorist coverage to plaintiff for his injuries and damages resulting from the subject collision.

19. On December 28, 2017, defendant granted plaintiff permission to settle the third-party action against Burke, and waived its right of subrogation.

20. On January 23, 2017 plaintiff's counsel provided defendant Foremost with all of plaintiff's medical records, reports, and bills as well as photographs of plaintiff's leg injury and scar.

21. On February 27, 2018, defendant Foremost offered only $500.00 to settle plaintiff's underinsured motorist claim.

22. On April 24, 2018, defendant Foremost again offered only $500.00 to settle plaintiff's underinsured motorist claim.

23. Plaintiff has complied with the terms of the insurance contract with defendant Foremost, and is entitled to be paid by said defendant for injuries and damages sustained as a result of this incident not already compensated for by Kevin Burke and Progressive's inadequate insurance policies.

Case ID: 1805002

24. The injuries and damages sustained by plaintiff were extensive and painful, including a fractured right foot and right leg laceration that required 23 stitches and left a significant permanent scar, with the prior compensation from Burke and Progressive being insufficient to fully compensate plaintiff for same.

25. The injuries and damages that plaintiff has not yet been fully compensated for, are therefore, the legal responsibility of defendant Foremost pursuant to the terms of the subject underinsured motorist policy, and in accordance with Pennsylvania law.

26. Defendant Foremost's offer of $500.00 is unreasonable under the circumstances, and insufficient to fully compensate plaintiff for extensive and painful injuries and damages sustained in the subject collision, including a fractured right foot and right leg laceration that required 23 stitches, which left a significant permanent scar.

27. To date, the defendant has refused to make a reasonable and fair payment to plaintiff pursuant to its underinsured motorist policy which covered plaintiff for injuries and damages arising out of the subject collision.

## COUNT I
## SCHEINER v. FOREMOST
## BREACH OF CONTRACT

28. Plaintiff repeats each and every allegation of all preceding and subsequent paragraphs with the same force and effect as if set forth here at length.

29. The aforesaid incident resulted from the negligence, carelessness and/or otherwise unreasonable conduct of Kevin Burke, and was due in no manner whatsoever

Case ID: 18050024

to any act or omission on the part of the plaintiff.

30. The negligence and carelessness of Kevin Burke included of the following:

   a. failing to reasonably and/or properly operate and/or control his motor vehicle under the circumstances;

   b. operating a motor vehicle with disregard for the rights, safety and/or position of the plaintiff under the circumstances;

   c. failing to operate and/or control his motor vehicle with reasonable and/or appropriate care under the circumstances;

   d. operating a motor vehicle at an excessive and/or unsafe rate of speed under the circumstances;

   e. failing to yield appropriate right of way;

   f. failing to maintain a reasonable and/or proper lookout;

   g. failing to maintain an assured clear distance ahead and/or from other vehicles, including plaintiff's;

   h. failing to reasonably and/or properly inspect and/or maintain the motor vehicle involved in the subject accident(s), incident(s) and/or occurrence(s);

   i. failing to pay reasonable and/or proper attention to his own vehicle, plaintiff, plaintiff's vehicle, surrounding traffic, traffic signs and/or controls, and/or road and/or traffic conditions;

   j. failing to keep a watchful eye;

   k. operating, and/or allowing and/or causing the operation of, a motor vehicle without proper practice, training and/or license.

31. As a direct and proximate result of this incident, plaintiff suffered serious, painful and severe bodily injuries which are or may be permanent in nature.

32. As a further result of this incident, plaintiff has been obligated to receive medical attention and care for her injuries, and to incur various expenses for said care, and may be obligated to continue to expend such sums and expenditures for an

Case ID: 1805002

indefinite time in the future, therefore, plaintiff is entitled to recover any and all medical expenses and costs.

33. As a further result of this incident, plaintiff has been unable to attend his daily chores, duties, and occupations, and may be unable to do so for an indefinite period of time in the future.

34. As a further result of this incident, plaintiff has suffered a loss of wages and/or earning capacity, and may continue to do so for an indefinite time in the future.

35. As a further result of this incident, plaintiff has or may continue to in the future incur other financial expenses or losses which he is entitled to recover.

36. As a further result of this incident, plaintiff has suffered severe physical pain, aches, fear, mental anguish, humiliation, inconvenience, and loss of life's pleasures, disfigurement/scarring, and he may continue to suffer same for an indefinite time in the future.

37. At the time of the subject collision, the vehicle and the operator that struck plaintiff was underinsured.

38. At the time of the incident, plaintiff was covered for underinsured motorist benefits by an insurance policy issued by defendant Foremost. A copy of the declaration page for said policy is attached hereto as "Exhibit A".

39. Said policy contained a provision for underinsured motorist coverage, which provided, among other things, insurance coverage for losses and damages sustained in accidents which were caused by the negligent operation of an

underinsured vehicle.

40. Plaintiff has complied with the terms of the subject contract with defendant Foremost, and is entitled to be paid by defendant for damages sustained by plaintiff as a result of this incident not already compensated for by Kevin Burke and Progressive's aforementioned inadequate insurance policies.

41. The injuries and damages sustained by plaintiff were extensive and painful, including a fractured right foot and right leg laceration that required 23 stitches, leaving behind a significant permanent scar, with the prior compensation from Burke and Progressive being insufficient to fully compensate him for same.

42. The injuries and damages that plaintiff has not yet been fully compensated for, are therefore, the legal responsibility of defendant Foremost pursuant to the terms of the subject underinsured motorist contract of insurance, and in accordance with Pennsylvania law.

43. Defendant Foremost's offer of $500.00 is unreasonable under the circumstances, and insufficient to fully compensate plaintiff for extensive and painful injuries and damages sustained in the subject collision, including a fractured right foot and right leg laceration that required 23 stitches and left behind a significant permanent scar.

44. To date, the defendant has refused to make a reasonable and fair payment to plaintiff pursuant to its underinsured motorist policy which covered plaintiff for injuries and damages arising out of the subject collision.

Case ID: 1805002

...

45. Defendant has breached its contract by failing to make a reasonable and fair payment to plaintiff pursuant to the underinsured motorist provisions of the policy which covered plaintiff.

WHEREFORE, plaintiff demands judgment in his favor and against defendant, for compensatory damages in an amount exceeding the limits of Compulsory Arbitration, plus costs and expenditures, sums, delay damages, Philadelphia Civil Rule *212 damages, pre- and post- judgment interest, and any further relief as is just and appropriate.

## COUNT II
## SCHEINER v. FOREMOST
## BAD FAITH (42 PA. CSA § 8371, ET SEQ)

36. Plaintiff incorporates all previous and subsequent averments as if set forth at length herein.

37. Plaintiff submitted an underinsured motorist claim to defendant Foremost on the subject insurance policy after the automobile accident described herein for benefits owed to him under the terms of the policy.

38. The subject insurance policy was current and in effect, with any and all applicable premiums paid, and plaintiff was covered for underinsured motorist benefits under said policy at the time of the subject collision.

39. Without reasonable and/or appropriate investigation, and without legitimate basis, defendant Foremost has refused to make a reasonable and fair payment to plaintiff for his claims under the subject insurance policy.

Case ID: 1805002

40. To date, without reasonable and/or appropriate investigation, and without legitimate basis, defendant Foremost continues to refuse to make a reasonable and fair payment to plaintiff for his claims under the subject insurance policy.

41. By letters dated February 27, 2018 and April 24, 2018, as well as verbally through its adjuster, defendant Foremost has indicated that it would not make a reasonable and fair payment to plaintiff for his claims under the subject insurance policy, instead, offering only $500.00 to pay plaintiff's underinsured motorist claim.

42. Defendant Foremost's refusal to pay reasonable compensation to plaintiff via the subject underinsured motorist benefits is unfounded.

43. Defendant Foremost's said refusal has caused and continues to cause undue delay in plaintiff receiving his benefits under the subject policy of insurance.

44. Defendant has no reasonable basis to refuse to make a reasonable and fair payment to plaintiff for his underinsured motorist claim under the subject insurance policy.

45. Defendant knows and/or should know that it lacks a reasonable basis to refuse to make a reasonable and fair payment to plaintiff under for his underinsured motorist claim under the subject insurance policy.

46. Defendant has recklessly disregarded the fact that it lacks a reasonable basis to refuse to make a reasonable and fair payment to plaintiff for his underinsured motorist claim, and continues to refuse to make a reasonable and fair payment to

Case ID: 180500024

plaintiff without conducting a reasonable investigation and/or having a legitimate basis to do so.

47. Defendant's conduct above, including its unreasonable and/or inappropriate investigation and/or its refusal to make a reasonable and fair payment to plaintiff constitutes bad faith under the circumstances pursuant to 42 Pa. CSA § 8371, et seq.

WHEREFORE, plaintiff demands judgment in his favor and against defendant, for compensatory damages in an amount exceeding the limits of Compulsory Arbitration, attorneys' fees, punitive damages, plus costs and expenditures, sums, delay damages, punitive damages, Philadelphia Civil Rule *212 damages, pre- and post-judgment interest, and any further relief as is just and appropriate.

SILVERMAN, TROTMAN & SCHNEIDER

By: /s/ *John R. Trotman Jr.*
Louis T. Silverman
John R. Trotman Jr.
*Attorneys for Plaintiff*

Dated: May 8, 2018

Case ID: 18050024

## VERIFICATION

I, _Donald Scherer_, hereby states that I am the plaintiff in this action and verify that the statements made in the foregoing _Civil Action Complaint_ are true and correct to the best of my knowledge, information and belief. I understand that the statements therein are made subject to the penalties of 18 Pa. C.S. §4909 relating to unsworn falsification to authorities.

Date: 5/9/18                                          X _Donald E. Scherer_

Case ID: 180500243